JOHN J. LALOR *vs.* JEREMIAH C. McCARTHY and others.

March 9, 1878.

**Mortgage Foreclosure—Property Sold at Grossly Inadequate Price—When Court of Equity will Set Sale Aside.**—If, in consequence of the improper manner in which a sale is conducted upon the foreclosure of a mortgage by advertisement, the price at which the property is bid in is grossly inadequate, and grossly below what it ought to bring, the sale is grossly unfair. And if the mortgagor or those interested in attacking such a sale have not assented to it, or by laches disentitled themselves to relief, a court of equity is justified in setting aside the sale; at least in a case in which the property has been bid in by the holders of the mortgage, and is held by them or by persons who have no greater rights or equities.

**Same—Same—Same—Land Described in Mortgage as Three Parcels—First and Second Parcels Improperly Sold Separately—Whole Sale Set Aside.** The mortgage foreclosed covered lands, described as three parcels. The sale of the first and second parcels was grossly unfair, and the price received for them grossly inadequate, because they were improperly sold separately, and not as one parcel. The sale of the third parcel was not, *in itself*, irregular or unfair. *Held*, however, that upon the facts of the case as detailed in the opinion the entire sale was properly set aside.

This action was brought in the district court for Ramsey county to set aside a mortgage foreclosure sale. It appeared from the findings of the court, *Wilkin*, J., presiding, that the mortgage was executed by the plaintiff in 1867, and delivered to Patrick Nash; that Nash assigned the same to the defendants Jeremiah C. McCarthy and John C. Raguet, in 1870; that the said defendants duly foreclosed the same and purchased the mortgaged property at a grossly inadequate price, during the same year, and that the plaintiff, who had been absent from the state from the time the mortgage was executed, first learned of the foreclosure about the time this action was brought. The court accordingly adjudged that the said sale be set aside. From this judgment the defendants McCarthy and Andrew J. Preston, the latter having acquired the interest of the aforesaid Raguet in the said mortgaged premises, appealed.

v.24M—27

*Morris Lamprey*, for appellant, argued that mere inadequacy of price was no ground for setting aside a foreclosure sale, (*Livingston* v. *Byrne*, 11 John. 565; *Haines* v. *Taylor*, 3 How. Pr. 206,) and that it was sufficient if the mortgaged premises were sold by the same description as that under which they were mortgaged. *Lamerson* v. *Marvin*, 8 Barb. 13; *Griswold* v. *Fowler*, 24 Barb. 137.

*L. Emmett*, for respondent.

BERRY, J. The lands covered by the mortgage from the plaintiff to Nash are described therein as three parcels. The parcel thirdly described did not adjoin the other two. As to the latter, the finding of the court is "that the parcels of land in said mortgage, firstly and secondly described, constitute one tract of land in fact. The two parcels adjoin each other, the second parcel lying immediately in the rear of the first. The first described parcel had a frontage of twenty feet on Third street, [St. Paul,] and ran back fifty feet. The parcel secondly described was immediately in its rear and of the same width. The two parcels form a strip twenty feet in width by eighty feet in depth. There was no mark of separation between the two parcels, but they had been improved and used as one tract by the erection of a costly stone building, extending the whole length, and covering the entire width of the whole property. The building was used as a store, and there was no access to the rear portion except through the front portion."

It is further found that the assignees and holders of the mortgage, proceeding to foreclosure by advertisement, caused the property firstly and secondly described to be put up for sale, and to be sold separately and not as one parcel; that the two would bring much more if sold as one parcel, than if sold as two; that the second described parcel has scarcely any value separate from the first; that the two parcels, with the building and improvements thereon, were worth at the time of the sale $17,000, and the third parcel $1,500; that the value of the first and second parcels separately cannot be esti-

mated with any accuracy; that at the foreclosure sale the first parcel was bought in by the holders of the mortgage for the grossly inadequate sum of $4,000, the second parcel for $200, and the third for $230.

The statute (Gen. St. *c.* 81, § 9) enacts that "if the mortgaged premises consist of separate and distinct farms or tracts, they shall be sold separately." As is correctly found by the court below, the first and second described parcels did not consist of separate tracts, but together they formed one tract, and this was a patent fact, as to which there was no room for any difference of opinion. Notwithstanding the two parcels were separately described in the mortgage, the statute did not require that they should be separately sold.

Neither did the statute prescribe that they should be sold together. But upon general principles it is clearly the duty of the holders of the mortgage to sell fairly, and with a reasonable regard for the interests of all parties concerned; and as respects a case like the present, in which the mortgaged property was bid in by the assignees and holders of the mortgage, this duty is clearly recognized by section 10, *c.* 81, Gen. St., which provides that "the mortgagee, his assigns, or his or their legal representatives, may fairly and in good faith purchase the premises so advertised, or any part thereof at such sale." A fair sale is a sale conducted with fairness as respects the rights and interests of the parties affected by it.

The holders of the mortgage are interested that the property shall bring enough to satisfy their claim. Those claiming under the mortgagor, other than the holders of the mortgage, are interested that there be a surplus over and above the mortgage debt large enough to satisfy their claims, while the mortgagor is interested that the surplus may be as large as possible. As respects the mortgagor, then, any manner of conducting the sale which prevents the property from bringing a price as high as it would bring if otherwise conducted is unfair. This proposition is, of course, to be taken in a reasonable sense. If, in consequence of the

improper manner in which the sale is conducted, the price at which the property is bid in is grossly inadequate and grossly below what it ought to bring, the sale may be said to be grossly unfair. And if the mortgagor, or those interested in attacking such a sale, have not assented to it, or by laches disentitled themselves to relief, a court of equity is justified in setting aside the sale, at least in a case in which the property has been bid in by the holders of the mortgage, and is held by them, or by persons who have no greater rights or equities.

The manner in which the sale of the first and second parcels was conducted was plainly calculated to prevent those parcels from bringing a fair price—a price as high as they might reasonably be expected to have brought if sold together. The result (which may be fairly attributed to the manner of conducting the sale) was, that the property brought a grossly inadequate price. The sale was grossly unfair. The property was also bid in by the assignees and holders of the mortgage, and is held by parties who occupy no better position than they do. But it is said that the mortgagor has slept upon his rights, as respects this matter. The facts found are that the foreclosure sale took place July 5, 1870; that during all the time when the notice of such sale was being published (between May 21st and July 5, 1870) the plaintiff was out of the state, and was not in the same until about the time of the commencement of this action, in the latter part of December, 1871; that the plaintiff did not know of the foreclosure and sale until a short time before the expiration of the time for redemption, (July 5, 1871,) when he was informed in general terms that the mortgage had been foreclosed, but was not informed of the details of the foreclosure. Upon this state of facts the court below held that the plaintiff was not "too late in seeking his remedy" in this action. In this we think the court did not err. The plaintiff's delay was not, in the circumstances of the case, unreasonable, and, as we shall hereafter see, it was practicable to put the parties substantially in statu quo. *Johnson* v. *Williams*, 4 Minn. 183, (260.)

The foreclosure sale was wholly set aside by the court below, although, as respects the parcel thirdly described in the mortgage, the sale is not in itself objected to nor found in any way irregular or unfair. This disposition of the sale restores all parties to the position which they or those in whose shoes they stand occupied before the sale. This obviates any objection which might arise from the setting aside of the sale, if, in consequence of the plaintiff's delay in seeking his remedy, rights had intervened or circumstances changed so as to render it impossible to restore the *status in quo.*

This disposition of the sale was also the only way in which the plaintiff could probably obtain a full remedy for the wrong done by the unfair sale of the first and second parcels. It is impossible to say that the price bid for the third parcel was not unfavorably influenced by the low prices at which the first and second were struck off. For, when it is considered that the amount claimed to be due on the mortgage exceeded $20,000, the sale of more than fifteen-sixteenths in value of the mortgaged property for $4,200, would, as such things go, be well calculated to discourage bidding upon the residue.

There are other facts in the case which have an important bearing upon the question of the propriety of setting aside the whole sale. The plaintiff, (the mortgagor,) upon the request of Nash, (the mortgagee,) sent him a power of attorney, authorizing him to sell the mortgaged property and thus relieve it from the foreclosure sale. Instead of selling, Nash, without any actual consideration, conveyed the second and third parcels to the Minnesota Savings Association, one of the defendants. The savings association held liens on the first and second parcels, prior and paramount to the lien of the foreclosed mortgage to Nash. Just before the expiration of the period of redemption from the foreclosure sale, the association, at the suggestion of Nash, redeemed (as it is called) the second and third parcels, the redemption money being accepted by the holder of the certificate of sale. The court below very prop-

erly held that that the conveyance by Nash to the association
was void, because made without authority.    The so-called
redemption was therefore not a valid redemption, because the
association did not occupy a position entitling it to be a re-
demptioner.    Nevertheless, in equity the effect of the so-
called redemption would be to vest in the association the
rights of the holders of the certificate in the property thus
redeemed.    If this is so, the defendants McCarthy and Pres-
ton, who alone appeal, cannot complain that the sale of
the third parcel is set aside.    It does not injure them.    If
anybody is entitled to complain it is the association, which
does not complain, as it has not appealed.

The court below further, and very properly and equitably,
held that the money paid by the association upon their so-
called redemption, having been received by the holders of the
certificate of foreclosure sale, must be credited upon their
claim against Nash, and that the savings association was
entitled to an interest in the mortgage to the extent of
the money so paid by it, and it was adjudged accordingly.
Now, although the association in equity has by its redemption
acquired the rights of the holders of the certificate in the
second and third parcels, its title is not formally perfect; as
to the second parcel, it is not entitled to have it perfected on
account of the unfairness of the sale.    As to the money paid
in the so-called redemption of both the second and third
parcels, while the title of the association under its redemption
was in the condition described, it was certainly equitable, as
respected the association, to hold and adjudge that the whole
sale should be set aside, and that the association should have
an interest in the mortgage to secure its claim, on account of
the redemption money; and if the court saw fit to dispose of
the matter in this way it was, under all the circumstances of
the case, for the association only to object.    For these reasons
(and there may be others) we are of opinion that the whole
sale was properly set aside, or at least that the appellants are

not in position to complain of it. This disposes of all the points made in this case which we deem it necessary to notice in this opinion, and the result is that the judgment is affirmed.