## HARRY L. STEARNS v. HAROLD E. CARLSON.[1]

April 9, 1925.

No. 24,594.

**Bidding in mortgaged property for less than its value no defense to action for deficiency.**

Where a mortgage foreclosure has been regularly and fairly conducted and the proceeds thereof applied on the note, the fact that the property was bid in for less than its value is not a defense to an action to recover the unpaid part of the note.

*Headnote. See Mortgages, 27 Cyc. p. 1500.

Action in the municipal court of Brainerd to recover upon a promissory note. From the judgment, Warner, J., entered pursuant to the order sustaining plaintiff's demurrer to the answer, defendant appealed to the district court for Crow Wing county where the appeal was heard by McClenahan, J., who affirmed the judgment of the municipal court. Defendant appealed. Affirmed.

*M. E. & C. A. Ryan*, for appellant.

*W. W. Bane*, for respondent.

TAYLOR, C.

Plaintiff, the holder of a note and mortgage given by defendant for the sum of $1,300, foreclosed the mortgage and bid in the property for $1,000 at the sale. He applied the proceeds of the property on the note and then brought suit thereon for the balance due. Defendant alleged as a defense that the property was of the value of $4,000 and that plaintiff had bid it in for a grossly inadequate amount. The court sustained a demurrer to the answer and rendered judgment for the balance due on the note. Defendant appealed.

Defendant does not question the regularity or validity of the foreclosure proceedings, nor ask to have the sale set aside, but rests his case on the claim that he was entitled to show, as a defense to the action, that the value of the property exceeded the

[1]Reported in 203 N. W. 212.

amount of the note. He relies largely on Lowell v. North, 4 Minn. 15 (32). That case does not sustain his contention, for, aside from the fact that the present law differs from the law then in force, the foreclosure there in question was invalid, and it was on that ground that the court permitted the defendant to charge the plaintiff with the value of the property. The court said: "The allegations in the answer as to the sale of the property for less than its value   *   *   * only become material when the sale is illegal."

In the present case the sale was made by the sheriff at public auction as required by statute. There is no claim that the sale was not fairly conducted, nor that plaintiff did anything to prevent or discourage bidding by others, nor that any higher bid could have been obtained. None of the elements constituting unfairness or bad faith as defined in Lalor v. McCarthy, 24 Minn. 417, are disclosed. Defendant or his assigns had the right to redeem at any time within one year by paying the amount for which the property was bid in with interest thereon. If he was unwilling or unable to redeem himself, he had a year in which to find a purchaser who would pay a higher price. Where a sale is made under such conditions it is well settled that the mortgagor cannot complain that the mortgagee bid in the property for less than its value. Johnson v. Cocks, 37 Minn. 530, 35 N. W. 436; Lundberg v. Davidson, 72 Minn. 49, 74 N. W. 1018, 42 L. R. A. 103; and the numerous cases cited in the annotation found in 8 A. L. R. 1001. A sale without a right of redemption presents a different situation which we have no occasion to consider.

Defendant seems to claim that although inadequacy of price is no ground for attacking the sale, yet it may be interposed as a defense to an action for the balance due on the note. We are not advised of any authority so holding in such a case as this. After applying the proceeds of the sale on the note, plaintiff had the right to enforce payment of the remainder of the debt by suit. 19 R. C. L. 665.

Judgment affirmed.