Joseph RIDLEY and Woody Jenkins,
Plaintiffs-Appellants,

v.

Cecil McCALL, Chairman, State Board of
Pardons and Paroles, et al., etc.,
Defendants-Appellees.

No. 73–2923.

United States Court of Appeals,
Fifth Circuit.

June 26, 1974.

214

Hugh M. Dorsey, Jr., W. Lyman Dillon, Atlanta, Ga. (court-appointed), for plaintiffs-appellants.

Arthur K. Bolton, Atty. Gen., Courtney W. Stanton, Asst. Atty. Gen., Stephen Parker, Deputy Asst. Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and RIVES and DYER, Circuit Judges.

PER CURIAM:

 This is a § 1983 suit attacking on a broad front the practices of the Georgia Parole Board. The District Court dismissed the complaint without issuing a show cause order requiring a factual response by the State or holding any evidentiary hearing. The District Court was of the view that this result was compelled by this Court's en banc decision in Scarpa v. United States Board of Parole, 5 Cir., 1973, 477 F.2d 278. Subsequently the judgment of this Court was vacated and remanded for determination of whether the case was moot, Scarpa v. United States Board of Parole, 1973, 414 U.S. 809, 94 S.Ct. 79, 38 L.Ed.2d 44, and thereafter this Court by order vacated the judgment of the District Court with directions to dismiss the complaint as moot. Consequently, *Scarpa* has no precedential value.

 In view of this we think the interest of orderly administration calls for remand to the District Court for reconsideration. Since these sometime awesome constitutional principles ought not to be explored in a non-factual setting, the Court should take appropriate steps to assure development of the actual facts, not just the pleaded contention of the parties.

Vacated and remanded.