**In re Harris William and Gladys REINBOLDT, Debtors.**

**Harris William and Gladys REINBOLDT, Plaintiffs,**

v.

**The TRAVELERS INSURANCE COMPANY, a Connecticut Corporation, Defendant.**

**Bankruptcy No. 3–83–1805.**

**Adv. No. 83–0481.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Dec. 22, 1983.

Timothy D. Moratzka, Hastings, Minn., for debtors.

Thomas L. Kimer, Minneapolis, Minn., appeared on behalf of Norwest Bank of Winona.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the Court on the debtors' complaint seeking to set aside a mortgage foreclosure sale for fraud. The debtors argued that because the fair market value of the property was at least twice the amount of the indebtedness, the defendant committed a fraud by bidding in only the amount of the debt. The debtors believe such "fraud" justifies a setting aside of the mortgage foreclosure sale. The debtors also argued that such fraud justifies extending the redemption period pursuant to *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983). It is undisputed that the debtors' right to redeem expires December 24, 1983 pursuant to 11 U.S.C. 108(b) in the absence of a Court order extending it.

At the hearing the debtors were represented by Timothy D. Moratzka. Thomas L. Kimer appeared on behalf of Norwest Bank of Winona, the second mortgagee and successor in interest to Travelers Insurance Company (by virtue of its redemption of the first mortgage on November 7, 1983). Now based on the record and arguments of counsel the Court makes the following order pursuant to the rules of bankruptcy procedure.

## I

The basic facts of this proceeding are undisputed. The debtors' farm was sold at

a mortgage foreclosure sale on November 2, 1982. The debtors allege no irregularities in the foreclosure process. Travelers Insurance Company, the holder of the first mortgage purchased the property by bidding in the full amount of its debt of $221,000.55. The debtors filed their Chapter 11 bankruptcy case on October 25, 1983. Pursuant to section 108(b)(2) of the Bankruptcy Code the period of redemption was extended for an additional 60 days to December 24, 1983. Norwest Bank of Winona, the holder of the second mortgage, duly redeemed from Travelers on November 7, 1983 as required by Minnesota Statute 580.24.

The debtors argue that the mortgage foreclosure sale constituted a fraudulent conveyance because the amount bid in at the sale was not equal to the fair market value of the property. The "fraud", they argue, justifies a setting aside of the sale and extending the redemption period. This Court does not agree.

It is well established law in Minnesota that a mortgagee on foreclosure of a mortgage may bid in property for the full amount of the mortgage debt. M.S.A. 580.11; *Kleinman v. Neubert,* 142 Minn. 424, 172 N.W. 315 (1919); *Stearns v. Carlson,* 162 Minn. 469, 203 N.W. 212 (1925); and *Kantack v. Kreuer,* 280 Minn. 232, 158 N.W.2d 842 (1968). These cases likewise stand for the proposition that inadequacy of price, in and of itself, is not sufficient justification for setting aside a sale. The only irregularity the debtors allege as to the foreclosure sale is the low price. Minnesota law makes clear this is not a valid claim. Under these circumstances this Court must follow the state's law and will not set aside the sale.

Likewise the Court may not extend the redemption period. The Eighth Circuit's mandate in *Johnson v. First National of Montevideo,* 719 F.2d 270 (1983) is clear: a bankruptcy court may not extend, toll, or suspend the running of a statutory period of redemption absent fraud, mistake, accident, or erroneous conduct *on the part of the foreclosing officer.* (slip opinion p. 5.) Minnesota law makes clear that a disparity in price alone is not an irregularity affecting the sale. The debtors' sole claim as to Traveler's is the low price bid. It is clear to this Court that the debtors' claim does not fall within the scope of the *Johnson* requirements. Thus this Court cannot extend the redemption period. (The Eighth Circuit's decision in *Johnson* is the law to be applied in this district until such time as it is reversed, vacated, or otherwise overruled. See *Moore's Federal Practice,* paragraph 0.402(1); *Ridley v. McCall,* 496 F.2d 213 (5th Cir.1974); and *Huron Holding Co. v. Lincoln Mine Operating Co.,* 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (1940).)

Therefore, IT IS ORDERED:

1. Debtors' request for an order setting aside the foreclosure sale be and the same is hereby denied.

2. Debtors' request for an order extending the redemption period be and the same is hereby denied.

3. Debtors' complaint be dismissed with prejudice.