**In re Elmer E. CURETON, Debtor.**

**Bankruptcy No. 3–83–2044.**

United States Bankruptcy Court, D. Minnesota, Third Division.

April 4, 1984.

William Christianson, Red Wing, Minn., for Herbert and Elaine Johnson.

## ORDER

DENNIS O'BRIEN, Bankruptcy Judge.

This matter came before the Court on the motion of Herbert and Elaine Johnson for relief from the automatic stay of 11 U.S.C. § 362 to allow them to proceed with the cancellation of the contract for deed. William Christianson appeared on behalf of the Johnsons. There was no appearance by either the debtor or his counsel.

Based upon the file and arguments of counsel, the Court makes the following order pursuant to the Rules of Bankruptcy Procedure.

The Johnsons served the notice of cancellation of the contract for deed on the debtor on November 4, 1983. On December 6, 1983, the debtor filed a voluntary Chapter 7 bankruptcy petition. The debtor has not taken any action to reinstate the contract. A discharge in the case was entered on April 2, 1984.

11 U.S.C. § 362(c) provides for termination of the automatic stay when the property is no longer property of the estate and after the discharge is granted or denied. The debtor chose to exempt a portion of the property in-question and the trustee abandoned the remaining portion. The property was therefore no longer property of the estate. Furthermore, the discharge was duly entered on April 2, 1984. By the express terms of § 362(c), the automatic stay expired.

■ It is important to note that the debtor failed to reinstate the contract within the 60-day extension of time provided under § 108(b). The Court of Appeals in *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983) determined that absent fraud or mistake on the part of the foreclosing officer in the mortgage situation, a bankruptcy court could not toll or suspend the running of a statutory redemption period. The Court further held that the only extension of time available to the debtor was that provided by the express terms of § 108(b). Id. at 278. Section 108(b) gives a debtor the longer of the statutory period or 60 days from the date of the bankruptcy petition to "cure a default." This Court believes that a contract for deed is identical to a mortgage insofar as application of the *Johnson* decision. A contract for deed is merely a different form of financing device. In addition, the Minnesota courts have repeatedly said that a contract for deed is analogous to a mortgage. See, e.g., *Nichols v. L & O, Inc.*, 293 Minn. 17, 196 N.W.2d 465 (1972); *State ex rel. Blee v. City of Rochester*, 260 Minn. 151, 109 N.W.2d 44 (1961).

■ The Court also believes that the provisions of § 108(b) are self-executing. If the debtor fails to take the appropriate action within the requisite time limits, the vendor is entitled to the property. In this case there is no question that the debtor has not acted within the time period as extended by § 108.

Since the property is no longer property of the estate and a discharge has been entered, there is no automatic stay in effect from which to give the Johnsons their requested relief. Likewise, the debtor's failure to timely reinstate the contract for deed resulted in title vesting in the vendors 60 days after the bankruptcy filing, i.e., February 4, 1984.

THEREFORE, IT IS ORDERED that the motion of Herbert and Elaine Johnson for relief from the automatic stay be dismissed as moot.