In re **ECONO–THERM ENERGY SYSTEMS CORPORATION, Debtor.**

**ECONO–THERM ENERGY SYSTEMS CORPORATION, Plaintiff,**

v.

The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

**Bankruptcy No. 4–86–3578.
Adv. No. 4–87–079.**

United States Bankruptcy Court,
D. Minnesota.

Nov. 24, 1987.

Steven J. Kluz, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for plaintiff.

Clark T. Whitmore, Faegre & Benson, Minneapolis, Minn., for defendant.

## MEMORANDUM ORDER

ROBERT J. KRESSEL, Chief Judge.

This proceeding came on for hearing on the plaintiff's motion for partial summary judgment. Steven J. Kluz appeared for the plaintiff. Clark T. Whitmore appeared for the defendant. This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 103(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (O). Based on the evidence, memoranda of counsel, and the file of this proceeding, I make the following:

## MEMORANDUM ORDER

Econo–Therm Energy Systems Corporation is the debtor in a chapter 11 case filed on November 28, 1986. This proceeding concerns a group insurance policy issued by Prudential covering employees of Econo–Therm. The relevant facts are not disputed.

1. Premiums were computed as follows:
The premium due on each premium due date is the sum of the premium charges for the insurance then provided under the coverages of the Group Policy, determined from the applicable premium rates then in effect and the Employees insured at the periodic intervals established by Prudential. Premiums may be computed by any other method mutually agreeable to the Policyholder and Prudential which produces approximately the same total amount.

I.

On March 1, 1985, Econo–Therm contracted with Prudential for a group insurance policy. Under the terms of the policy, Econo–Therm was obligated to pay a premium[1] on the first day of every month the policy was in effect. However, the policy allows a 31 day grace period after the due date for payment of late premiums. The policy coverage continues during this grace period. If the premium remains unpaid, the policy provides:

If any premium is not paid within its grace period (as provided in Section A of these General Provisions), the Group Policy will terminate at the end of the grace period.

General Provisions, Paragraph D. There is no other notice or cancellation procedure specified in the policy. Coverage terminates automatically after expiration of the grace period.

Econo–Therm made regular payments according to the terms of the policy up until November 1, 1986. On that date, a payment of $32,162.81[2] became due. Because of cash flow problems which eventually forced Econo–Therm into filing for bankruptcy on November 28, 1986, the premium was not paid. At midnight on December 2, 1986, the contractual grace period expired.[3]

After December 2, 1986, numerous employees of Econo–Therm submitted medical claims to Prudential for payment. To the extent that these claims arose after the contractual grace period elapsed, Prudential has refused to pay them. It maintains that the policy coverage terminated and it has no obligation to pay the claims.

Econo–Therm brought this action on April 27, 1987, seeking relief on two counts. Count I alleges that 11 U.S.C.

1. General Provisions, Paragraph B.

2. The payment due on November 1, 1986, included a November premium of $22,609.33 and a deferred premium installment of $9,553.48 for coverage from May through July of 1986.

3. Prudential's answer alleges that the grace period ended on December 1, 1986. However, the evidence clearly indicates that the 31 day period elapsed on December 2, 1986.

§ 108, in conjunction with the policy terms, extends the insurance coverage for 60 days after the order for relief. Therefore, Prudential is obligated to pay claims that arose during that period. Count II alleges a willful violation of the automatic stay imposed under 11 U.S.C. § 362 and seeks damages.

In its July 20, 1987, answer, Prudential denies Econo–Therm's complaint and asserts a "conditional counterclaim." [4] The counterclaim alleges that if the policy coverage is extended by § 108, then Prudential is entitled to the reasonable value of the insurance coverage as a condition to extending such coverage. Econo–Therm filed this motion for summary judgment with respect to Count I of its complaint and Prudential's conditional counterclaim.

## II.

Econo–Therm moves for summary judgment pursuant to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56. Rule 56(c) provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party moving is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56. The party moving for summary judgment must demonstrate that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law. *Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 391 (8th Cir.1986). The court must view the facts, and all reasonable inferences drawn from the facts, in the light most favorable to the opposing party. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608; *Foster*, 787 F.2d at 392; *Stokes v. Lokken*, 644 F.2d 779, 782 (8th Cir.1981).

In this case, there are no genuine issues of material fact. Prudential does raise some questions with respect to the correspondence between the parties after December 2, 1986. However, those discrepancies are not material to the issues to be decided in this motion. The relevant facts arise from the policy itself and the events before December 2, 1986. Resolution of this motion, therefore, depends purely on questions of law. I will address each claim separately.

### (A) *Count I*

Count I of Econo–Therm's complaint alleges that § 108(b) of the Bankruptcy Code, in conjunction with the policy terms, extends the insurance coverage for 60 days after entry of the order for relief. The order for relief was entered on November 28, 1986. [5] As such, Econo–Therm seeks to extend coverage to claims that arose on or before January 27, 1987.

Section 108(b) of the Bankruptcy Code provides:

> Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 60 days after the order for relief.

11 U.S.C. § 108(b). The purpose for extending the time is to "give a trustee [6] at least 60 days after the filing of a case to preserve the interests of the estate by doing those things which the debtor neglected

---

**4.** Prudential's answer also raises jurisdictional issues which it apparently has abandoned.

**5.** The filing of a voluntary petition constitutes an order for relief. 11 U.S.C. § 301.

**6.** The benefits of § 108(b) extend to debtors in possession as well as trustees. *See* 11 U.S.C. § 1107. *Martinson v. First Nat'l Bank*, 731 F.2d 543, 544 n. 2 (8th Cir.1984).

to do or was unable to do within the originally prescribed time." *In re G–N Partners,* 48 B.R. 462, 467 (Bktcy.D.Minn.1985) (footnote added). The legislative history of § 108 evidences this "opportunity to act" purpose:

> Subsections (a) and (b), derived from Bankruptcy Act § 11, permit the trustee, when he steps into the shoes of the debtor, an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights. Subsection (a) extends any statute of limitation for commencing or continuing an action by the debtor for two years after the date of the order for relief, unless it would expire later. Subsection (b) gives the trustee two months to take other actions, not covered under subsection (a), such as filing a pleading, demand, notice, or proof of claim or loss (such as an insurance claim), unless the period for doing the relevant act expires later than two months after the date of the order for relief.

S.Rep.No. 989, 95th Cong., 2d Sess. 30, *reprinted in,* 1978 U.S. Code Cong. & Admin.News 5787, 5816.

Prudential argues that application of § 108(b) in this case goes beyond the "opportunity to act" purpose Congress intended, and therefore, should not be allowed. Econo–Therm had 60 days in which to pay the premium and reinstate the policy coverage, but did not do so. Now, after substantial claims have arisen following the expiration of the contractual grace period, Econo–Therm seeks to extend the grace period under § 108(b) to pay the claims. Application of § 108(b) in this manner, Prudential argues, cannot be reconciled with the purpose of § 108(b).

Section 108(b) has been used in a number of different circumstances to extend statutory or contractual time periods. *E.g. In re Marker Eighty, Inc.,* 69 B.R. 561 (Bktcy. M.D.Fla.1987) (escrow agreement); *In re G–N Partners,* 48 B.R. 462 (Bktcy.D.Minn. 1985) (option agreement); *Prudential Investments Co. v. Physique Forum Gym, Inc.,* 27 B.R. 691 (Bktcy.D.Md.1982) (lease agreement). *See also In re Stern,* 50 B.R. 285 (Bktcy.E.D.N.Y.1985) (stock buy-out agreement). Most noticeably in the areas of mortgage foreclosures [7] and contract for deed cancellations.[8] In each case, § 108(b) extended the time for the trustee to act, at the expense of the creditor.

Prudential suggests that operation of § 108(b) should depend on whether the trustee acts to cure the default. If the trustee attempts to cure the default, then § 108(b) will operate to extend the time for up to 60 days. If the trustee does not act to cure the default within the prescribed time, then § 108(b) cannot be used to alter the parties' contractual rights. This approach, however, is not supported by the unambiguous language of the statute. The extension of time under § 108(b) is self-effectuating, and does not depend on whether the trustee ultimately acts to cure the default. *See In re Cureton,* 38 B.R. 279, 280 (Bktcy.D.Minn.1984).

It is important to note that § 108(b) does not, by itself, extend the insurance coverage. Section 108(b) only acts to extend the contractual grace period. The policy language controls the parties' rights and obligations during the extended grace period. The termination provisions of the group policy provide that coverage terminates at the end of the grace period. Consequently, § 108(b) in conjunction with the policy terms, extended insurance coverage for 60 days after the order for relief was entered.

---

7. *Martinson v. First Nat'l Bank,* 731 F.2d 543 (8th Cir.1984); *Johnson v. First Nat'l Bank,* 719 F.2d 270 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). *See also Kjeldahl v. United States,* 52 B.R. 916 (Bktcy.D.Minn.1985); *J.I. Case v. Kangas,* 46 B.R. 102 (Bktcy.D.Minn.1985); *Reinboldt v. Travelers Ins., Co.,* 39 B.R. 677 (Bktcy.D.Minn. 1983), *aff'd,* 39 B.R. 678 (D.Minn.1984).

8. *Maanum v. Rieffer,* 828 F.2d 459 (8th Cir. 1987); *R.E. Partners v. Hynnek,* CIV. No. 3–83–1324 (D.Minn. Apr. 10, 1984); *In re Crawley,* 53 B.R. 40 (Bktcy.D.Minn.1985); *In re Cureton,* 38 B.R. 279 (Bktcy.D.Minn.1984).

Prudential claims that operation of § 108(b) under the circumstances of this case unnecessarily conflicts with the balance of rights reached in 11 U.S.C. § 365. That section sets forth the requirements for assumption and rejection of executory contracts. Prudential argues that § 108(b) should be narrowly construed to avoid derogation of § 365.

■ To the extent that the provisions of § 108(b) overlap with § 365 in the area of executory contracts, I find no conflict. Both sections operate independently and serve different functions. Section 108(b) has the very limited function of extending statutory and contractual term periods. Section 365, on the other hand, determines the rights and obligations of parties for assumption and rejection of executory contracts. The mere extension of time under § 108(b) does not, in any way, alter either the trustee's or creditor's rights under § 365.[9]

■ The particular hardship Prudential seeks to prevent in this is due to the nature of the contract, not the operation of § 108(b). Most situations where § 108(b) extends time periods involve mortgage foreclosure and contract for deed cancellations. The detriment to the creditor resulting from the § 108(b) cure period in contract for deed cancellations, for example, is relatively minor if the trustee is unable to or elects not to cure the default. In this case, the mechanics of § 108(b) are the same, but due to the nature of the contract, the effect on the creditor is greater. The fact that the contract is an insurance policy as opposed to a contract for deed, however, should not affect the operation of the § 108(b) cure period. In *G–N Partners*,[10] I noted that "[t]he fact that the right to perform under this option agreement is

contractual rather than statutory should not insulate it from the statutory benefits of § 108(b)." *In re G–N Partners*, 48 B.R. 462, 467 (Bktcy.D.Minn.1985). Similarly, I do not think that the nature of the contract should control whether the time to perform is extended under § 108(b).

### (B) *Conditional Counterclaim*

■ The second aspect of Econo–Therm's motion for summary judgment concerns Prudential's conditional counterclaim. Prudential alleges that:

> If Prudential is ordered pursuant to 11 U.S.C. 108(b) [sic] to extend coverage under the group policy for 56 days after expiration of the contractual grace period as prayed for in the Complaint, Prudential hereby requests that it be allowed and paid the reasonable value of such coverage to the estate as an administrative expense pursuant to 11 U.S.C. §§ 364 and 503(b)(1) as a condition to its duty to extend such coverage.

Econo–Therm argues that it is entitled to judgment as a matter of law because the conditional counterclaim must be brought by motion pursuant to Bankruptcy Rule 9014.

Although I do not find that an administrative expense claim must always be brought by motion,[11] Econo–Therm is nevertheless entitled to judgment as a matter of law. Prudential asserts that it has a right to be paid the reasonable value of the insurance coverage as a condition to its duty to extend such coverage. However, there is no basis in law or the terms of the policy that would require prepayment. In fact, the policy itself states that the coverage continues to the end of the grace period. It may well be that Prudential is entitled to a premium under 11 U.S.C.

---

**9.** The one exception to this is the situation where § 108(b) would operate to keep a contract executory for an additional 60 days. However, this does not create a conflict between the statutes.

**10.** *In re G–N Partners,* involved a real estate contract with an option to purchase the land. The option would have expired thirty-two minutes after the debtor filed for bankruptcy.

However, Section 108(b) extended the option for an additional sixty days. 48 B.R. at 469.

**11.** It certainly is more procedurally appropriate to assert the claim in the context of a motion. Under Local Rule 125(a) numerous other parties, most notably the creditors committee and the United States Trustee, would be entitled to notice of a request for payment of an administrative expense.

§ 503(b)(1)(A).[12] However, there is no requirement that the premium be paid before the grace period expires.

### III.

To summarize, I find that there are no genuine issues of material fact concerning the claims raised in Econo–Therm's September 29, 1987, motion for summary judgment. I further find that Econo–Therm is entitled to judgment as a matter of law with respect to Count I of its complaint, and Prudential's conditional counterclaim. My decision to dismiss Prudential's counterclaim does not, however, prejudice the company from filing an administrative expense claim for the reasonable value of the extended insurance coverage.

THEREFORE, IT IS ORDERED:

1. Econo–Therm Energy Systems Corporation's motion for partial summary judgment is granted.

2. The Group Insurance Policy coverage extends through January 27, 1987.

3. The Prudential Insurance Company shall pay all claims it is obligated to pay under the Group Policy GO–83317 through the extended period.

4. The Prudential Insurance Company's counterclaim is denied without prejudice.

---

**12.** 11 U.S.C. § 503(b)(1)(A) provides:
(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case. . . .