**Beverly Ellington GILBERT**

v.

**MILLIKEN & COMPANY.**

No. 3:89–cv–152–GET.

United States District Court,
N.D. Georgia,
Newnan Division.

March 30, 1992.

David R. Sweat, Sweat & Giese, Athens, Ga., for plaintiff.

Beverly Ellington Gilbert, pro se.

James L. Stine, Wimberly & Lawson, Atlanta, Ga., for defendant.

ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is before the court on the plaintiff's objection to the Magistrate Judge's order of January 6, 1992 which denied plaintiff's motion to amend her complaint and motion to amend the pretrial order to demand a jury trial and to pray for compensatory and punitive damages as provided for in the Civil Rights Act of 1991.

The original complaint in this action alleges that the plaintiff's employment was illegally terminated in November of 1987 due to her gender. Such action was alleged to be in violation of 42 U.S.C. § 2000e *et seq.* (Title VII). The plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission on September 22, 1989 and on December 2, 1989 filed the present action. Discovery has closed, a pretrial order has been filed, and, after being rescheduled several times, this action is now set for a hearing before the Magistrate Judge on April 22, 1992. On November 21, 1991, President Bush signed the Civil Rights Act of 1991 which, *inter alia,* amended Title VII of the Civil Rights Act.

The Magistrate Judge's denial of plaintiff's motions was based on a determination that the Civil Rights Act of 1991 does not apply retroactively to actions pending before the effective date of the Act. On the issue of retroactivity, the Supreme Court has recognized that there are two inconsistent lines of cases. *Kaiser Aluminum & Chemical Corp. v. Bonjorna,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). In *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40

L.Ed.2d 476 (1974), the Supreme Court held that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Id.* at 711, 94 S.Ct. at 2016. In the later case of *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Supreme Court held that "[r]etroactivity is not favored by the law [and] [t]hus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.* at 208, 109 S.Ct. at 471.

In *U.S. v. Peppertree Apartments*, 942 F.2d 1555 (11th Cir.1991), *petition for cert. filed,* December 26, 1991, while recognizing the apparent conflict between *Bowen* and *Bradley,* the Eleventh Circuit held that "[t]his circuit has relied upon the *Bradley* analysis to determine the retroactive application of statutory changes. Thus, unless otherwise directed by the United States Supreme Court or the Eleventh Circuit en banc, we are bound by precedent to apply the *Bradley* analysis." *Id.* at 1561 n. 3 (citations omitted). Therefore, according to the binding precedent in this circuit, the rule of *Bradley* applies to the analysis of whether the Civil Rights Act of 1991 retroactively applies to cases pending when the Act became effective.

Having reviewed the facts in this action in accordance with the analysis established in *Bradley* and finding no manifest injustice to either party, this court finds that the Civil Rights Act of 1991 retroactively applies to this action. See, *Long v. Carr,* 784 F.Supp. 887, (N.D.Ga.1992), *Curtis v. Metro Ambulance Service, Inc.,* Civil Action No. 1:89-cv-1867-JOF (N.D.Ga., March 25, 1992).

Accordingly, the court overrules the Magistrate Judge's order of January 6, 1992 which denied plaintiff's motion to amend her complaint and motion to amend the pretrial order to demand a jury trial and to pray for compensatory and punitive damages as provided for in the Civil Rights Act of 1991. This action is remanded for further proceedings consistent with this order.

SO ORDERED.