Beverly Ellington **GILBERT**

v.

**MILLIKEN & COMPANY.**

No. 3:89–cv–152–GET.

United States District Court,
N.D. Georgia,
Newnan Division.

Aug. 13, 1992.

David R. Sweat, Sweat & Giese, Athens, GA, for plaintiff.

Beverly Ellington Gilbert, pro se.

James L. Stine, Wimberly & Lawson, Jeffrey H. Lerer, William Pinkerton Steinhaus, Masterman, Culbert & Tully, Atlanta, GA, for defendant.

### ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is before the court for reconsideration of the issue of ret-

roactive application of the Civil Rights Act of 1991 ("1991 Act") Pub.L. No. 102–166, 105 Stat. 1071 (1991) (amending 42 U.S.C. §§ 1981, 1988, and 2000e *et seq.* (1988)).

The original complaint in this action alleges that the plaintiff's employment was illegally terminated in November of 1987 due to her gender. Such action was alleged to be in violation of 42 U.S.C. § 2000e *et seq.* (Title VII). The plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission on September 22, 1989 and on December 2, 1989 filed the present action. Discovery closed, a pretrial order was filed and, after being rescheduled several times, this action was set for a hearing before the Magistrate Judge on April 22, 1992.

On November 21, 1991, President Bush signed the 1991 Act. In an order issued January 6, 1992, the Magistrate Judge denied the plaintiff's motion to amend her complaint and motion to amend the pre-trial order to demand a jury trial and to pray for compensatory and punitive damages as provided for under the 1991 Act. This order was based on a determination that the Civil Rights Act of 1991 does not apply retroactively to actions pending before the effective date of the Act. Plaintiff filed an objection to the January 6, 1992 order of the Magistrate Judge.

In an order dated March 30, 1992, 794 F.Supp. 376, based on the directive of the Eleventh Circuit in *United States v. Peppertree Apartments,* 942 F.2d 1555 (11th Cir. 1991), this court overruled the Magistrate Judge's determination that the 1991 Act does not apply retroactively. On April 27, 1992, the Supreme Court vacated the Eleventh Circuit's opinion in *Peppertree.* (*sub nom. Bailes v. United States,* —— U.S. ——, 112 S.Ct. 1755, 118 L.Ed.2d 419 (1992)). On June 11, 1992, based on the Supreme Court's action in *Peppertree* and subsequent decision by Judge Hall holding the 1991 Act to be prospective (*James v. American International Recovery, Inc.,* 799 F.Supp. 1156 (1992), this court ordered the parties in this action to brief the court on the issue of retroactivity.

## Retroactive application of the 1991 Act

After the filing of the plaintiff's original complaint (December 21, 1989) and the facts underlying the claims asserted therein (late 1987) against the defendant, Congress passed, and on November 21, 1991, the President signed into law the 1991 Act. Plaintiff contends that the 1991 Act should be given retroactive effect such that it applies to this action. Section 102 of the 1991 Act allows a plaintiff bringing a charge of intentional discrimination, made unlawful under the Civil Rights Act of 1964 (42 U.S.C. § 2000e–2 or 2000e–3), to recover compensatory and punitive damages and entitles a plaintiff seeking an award of compensatory or punitive damages to trial by jury.

The 1991 Act does not explicitly provide for the retroactive application of § 102. The enactment of the 1991 Act has generated much controversy regarding the retroactive application of statutes. District courts that have ruled on the issue are divided.

At the heart of the retroactive issue lie two competing presumptions on retroactivity arising from two Supreme Court decisions. Relying on earlier decisions in *Thorpe v. Housing Auth. of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969) and *United States v. The Schooner Peggy,* 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801), the Supreme Court held in *Bradley v. School Bd.,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) that courts are "to apply the law in effect at the time [they render] a decision, unless doing so would result in manifest injustice or there is legislative history to the contrary." To determine whether retroactive application of a statute would result in "manifest injustice," *Bradley* requires the court to consider the nature and identity of the parties, the nature of the parties' rights, and the nature of the impact of the changes in the law on those rights. *Id.* at 717, 94 S.Ct. at 2019. Based on another line of prior decisions, in *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988), the Supreme Court concluded that "[r]etroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be con-

strued to have retroactive effect unless their language requires this result."

The "apparent conflict" created by the *Bradley* and *Bowen* decisions was acknowledged by the Supreme Court in *Kaiser Aluminum and Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). While there appears to be some debate as to the degree to which the *Bradley* and *Bowen* decisions are in conflict, whatever conflict or perceived conflict exists has unquestionably resulted in a great deal of confusion in the federal courts. *Wright v. Director, Fed. Emergency Mgt. Agency*, 913 F.2d 1566, 1573 (11th Cir.1990).

In *Wright*, the Eleventh Circuit refused to give retrospective effect to a FEMA regulation in a case concerning insurance policies that were terminated before the regulation in question was enacted. The court quoted the Supreme Court's holding in *Bowen* which is set out above. The court also noted that the district court had given retroactive effect to the FEMA regulation based upon an application of *Bradley*. Because the Eleventh Circuit in *Wright* found that there was "no conflict behind *Bradley* and our [the Eleventh Circuit] ruling because of the nature of the issue presented [in the *Wright* action]," there was "no need to reject the application of *Bradley* outright...." *Id.* at 1573 and 1573, n. 15.

In *United States v. Peppertree Apartments*, 942 F.2d 1555 (11th Cir.1991), the Eleventh Circuit gave retroactive effect to a statute allowing the government to obtain double damages for unauthorized use of government multi-family housing project assets and income. The court stated that "unless otherwise directed by the United States Supreme Court or the Eleventh Circuit *en banc*, we are bound by precedent to apply the *Bradley* analysis." *Id.* at 1562, n. 3. As stated above, the decision in *Peppertree* was vacated by the Supreme Court on April 27, 1992, and, therefore, has no precedential value. *Ridley v. McCall*, 496 F.2d 213, 214 (5th Cir.1974).

The opinion of the Eleventh Circuit in *Seniors Civil Liberties Association v. Kemp*, 965 F.2d 1030 (11th Cir.1992), *affirming*, 761 F.Supp. 1528 (M.D.Fla.1991), while arguably dictum, supports the position that the 1991 Act should be applied prospectively only. Relying on *White v. United States*, 191 U.S. 545, 24 S.Ct. 171, 48 L.Ed. 295 (1903), the district court's decision in *Seniors Civil Liberties* held that provisions of the Fair Housing Amendments Act of 1988 prohibiting discrimination in the sale and rental of certain dwellings did not apply retroactively to existing ownership housing. The district court quoted the following from *White:*

> Where it is claimed that a law is to have retroactive application such must be *clearly* the intention, evidenced in the law and its purposes, or the court will presume that the lawmaking power is acting for the future, and *not* for the past; that it is enacting a rule of conduct which shall control the future rights and dealing of men, rather than review and affix new obligations to that which has been done in the past.

*Seniors Civil Liberties* 761 F.Supp. at 1544 (quoting *White*, 191 U.S. at 552, 24 S.Ct. at 172–73) (emphasis supplied by the district court). In affirming this decision, the Eleventh Circuit noted that "Plaintiffs also challenge the district court's conclusion that the 1988 amendments have no retroactive effect. Although we agree with the district court, even if the Act has retroactive effect," the same standard would apply and the court would not find a constitutional violation had occurred.

While the reasoning of the opinions vary to some degree, of the four Circuit Courts that have thus far considered the issue of retroactive application of the 1991 Act, all have found that it should not be applied retroactively. *See, Johnson v. Uncle Ben's Inc.*, 965 F.2d 1363 (5th Cir.1992); *Mozee v. American Commercial Marine Svc. Co.*, 963 F.2d 929 (7th Cir.1992); *Fray v. Omaha World Herald Co.*, 960 F.2d 1370 (8th Cir.1992); *Vogel v. Cincinnati*, 959 F.2d 594 (6th Cir.1992). In addition, to the Circuit Court opinions cited above, after the Supreme Court vacated *Peppertree*, Judge Hall issued an opinion in *James v. American International Recovery, Inc.*, 799 F.Supp. 1156 (N.D.Ga.1992) which, after an exhaustive analysis, found that the 1991 Act should not be applied retroactively.

This court finds the reasoning in *Johnson, Mozee, Vogel,* and *Fray* as well as *James* to be persuasive. Based on these decisions and the Eleventh Circuit opinion in *Wright* this court finds that the 1991 Act should be given only prospective effect. Because the date the plaintiff filed her original complaint and the conduct underlying the claims predate November 21, 1992, the enactment date of the 1991 Act, the court finds that the 1991 Act does not apply to this action. Accordingly, this court's order of March 30, 1992 is VACATED and the Magistrate Judge's order of January 6, 1992, insofar as it denied the plaintiff's motion to amend her complaint and motion to amend the pre-trial order to demand a jury trial and to pray for compensatory and punitive damages as provided for under the 1991 Act, is HEREBY REINSTATED and AFFIRMED. This action is directed to proceed before the Magistrate Judge in conformity with this order.

SO ORDERED.