## In re PHYSIQUE FORUM GYM, INC., Debtor.

## The PRUDENTIAL INVESTMENTS COMPANY, Plaintiff,

v.

## PHYSIQUE FORUM GYM, INC., Defendant.

Bankruptcy No. 82–1–1489.
Adv. No. 82–0910A.

United States Bankruptcy Court,
D. Maryland.

Dec. 30, 1982.

---

Arnold Silbiger, Baltimore, Md., for defendant/debtor.

Harvey Lebowitz, Baltimore, Md., for plaintiff.

## MEMORANDUM OF OPINION

HENRY D. EVANS, Bankruptcy Judge.

This matter. is before the court upon the Complaint for Relief from Stay and, in the Alternative, for Adequate Protection, filed by Prudential Investments Company (plaintiff), against Physique Forum Gym, Inc. (defendant). Plaintiff seeks relief from the automatic stay pursuant to 11 U.S.C. Section 362(d) on two grounds. First, plaintiff asserts that because a lease dated May 23, 1980, entered into between plaintiff and debtor has expired, debtor-in-possession has no equity in its leasehold interest, and as such, the lease cannot be used to reorganize. Second, plaintiff states that it is entitled to relief from the automatic stay for lack of adequate protection pursuant to Section 362(d)(1), because debtor has failed to pay any postpetition rent. The following facts have been adduced at trial.

1. On May 23, 1980, the debtor and Prudential entered into a Lease Agreement for premises located at 11–A Normandy Shopping Center, Ellicott City, Maryland.

2. Prudential, pursuant to Section 24 of the Lease, gave notice to the debtor by a letter dated September 14, 1982 (Exhibit C, Complaint) that Prudential intended to terminate the Lease effective September 30, 1982, without further notice, unless Prudential received the sum of $5,848.71 by September 24, 1982.

3. The debtor failed to pay rent for the months of July, August, and September 1982 by September 24, 1982, and did not subsequently pay that rent.

4. The debtor has failed to pay any postpetition rent.

5. On September 29, 1982, the debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code.

Furthermore, the president of the debtor, Kilgore Izzett, Jr., testified that debtor's expenses exceeded its revenues for the months of October and November 1982. Although Mr. Izzett testified that the debtor could pay the past due rent for October and November 1982, he could not guarantee that the debtor would have sufficient funds to provide Prudential future rent or with a security deposit in the amount of two months' rent.

The debtor has admitted that notice was given, pursuant to Section 24 of the Lease, that the Lease would terminate on September 30, 1982, unless the arrearages in the amount of $5,848.71 were current. Testimony adduced at trial shows that those arrearages were not cured and accordingly, the lease expired according to the terms of the lease on September 30, 1982.

Where the debtor-in-possession wishes to assume an executory lease or unexpired contract under which there has been a default, then the debtor-in-possession must comply with 11 U.S.C. Section 365(b). Section 365(b) sets forth a three-part test when a debtor-in-possession wishes to assume an executory contract or unexpired lease under which there has been a default.

The debtor-in-possession must (a) cure or provide adequate assurance that he will cure the default, (b) compensate or

provide adequate assurance that he will compensate the other party for any pecuniary loss to such party resulting from such default, and (c) provide adequate assurance of future performance under the contract or lease.

The debtor's right to cure such default must, however, also be read in conjunction with 11 U.S.C. Section 108(b).[1] Even if Section 108(b) is construed most favorably to the debtor, the debtor's right to cure its default was extended only until November 28, 1982, sixty days after the order for relief. Because the debtor did not cure the past arrearages, the Lease expired no later than November 28, 1982. Accordingly, with the termination of the Lease, there is no interest in the Lease to assume pursuant to 11 U.S.C. Section 365.

Furthermore, assuming arguendo, that the Lease has not expired, testimony adduced at trial shows that the test announced in Section 365(b) cannot be met and hence, the Lease would not be assumable. The court finds it implausible that there could be adequate assurance of future performance given the circumstances surrounding this proceeding. Mr. Izzet testified that he could not guarantee there would be sufficient funds to provide plaintiff with future rent or with a security deposit in the amount of two months' rent. *Cf. In Re Luce Industries, Inc.,* 14 B.R. 529 (D.C.S.D.N.Y.1981) (The debtor must make a firm commitment as to the payment of back debt for there to be adequate assurance under Section 365(b)); *cf., In Re Belize Airways Limited,* 5 B.R. 152 (Bkrtcy.S.D. Fla.1980) (Adequate assurance has been supplied by posting a three-month security deposit).

As the debtor can have no equity in an expired lease, nor can an expired lease be considered necessary to an effective reorganization, the court concludes that plaintiff is entitled to relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(2). *See, In Re Racing Wheels, Inc.,* 5 B.R. 309 (Bkrtcy.N.D.Fla.1980); *In Re Aries Enterprises,* 3 B.R. 472 (Bkrtcy.D.C.1980).

An order will be entered in accordance with the foregoing opinion.

---

1. If ... an agreement fixes a period within which the debtor ... may ... cure a default ... and such period has not expired before the date of the filing of the petition, the trustee may only ... cure ... before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
(2) 60 days after the order for relief