**In re Zelda MOOG, Debtor.**

**Civ. A. No. C 84–2381 A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 1, 1985.

Thomas P. Stamps, Atlanta, for debtor.

## ORDER

VINING, District Judge.

The debtor is a housewife with no regular income. She resides in a home which she values at $269,000 and which is subject to three mortgages totaling $160,000. She lists debts to various department stores including approximately $7,000 to Rich's, $500 to Bloomingdale's, and $900 to Burdine's. Her debts, all of a non-business, consumer nature, total $16,000. Mrs. Moog's only significant assets are her home and some household furniture.

On July 25, 1984, the debtor filed a petition in bankruptcy under Chapter 11, the reorganization chapter. The bankruptcy judge was concerned that Mrs. Moog, as an individual who was not involved in any commercial enterprise, should proceed under Chapter 13 to adjust her debts or under Chapter 7 to liquidate rather than under Chapter 11. (See Transcript of September 27, 1984, hearing.) Accordingly, he ordered the debtor to show cause why her Chapter 11 petition should not be dismissed. Following a hearing at which the debtor's attorney presented his objection to the judge's action, the judge dismissed the debtor's petition as an abuse of Chapter 11 since Mrs. Moog had "no business, no employees, and no shareholders," in fact, had nothing to reorganize.

The bankruptcy judge's concern was well-founded. The eligibility requirements in 11 U.S.C. § 109(d), found in the introductory chapter of the Bankruptcy Code, would allow any individual, corporation, or partnership except stockbrokers, commodity brokers, railroads, insurance companies, and banks to seek relief under Chapter 11. The reorganization procedure set out in Chapter 11, however, presupposes that the individual is operating a business, and the more specific provisions of the later chapter are replete with references to the business that is being salvaged. For example, 11 U.S.C. § 1108 states: "Unless the court orders otherwise, the trustee may operate the debtor's business."

Another court has carefully examined the legislative history of Chapter 11 and has compared that chapter's provisions with the provisions of Chapter 13, which was expressly designed for the consumer and deals specifically with mortgages on the debtor's principal residence in 11 U.S.C. § 1322(b)(2). *In re Ponn Realty Trust*, 4 B.R. 226 (Bankr.D.Mass.1980). The court concluded that Chapter 11 was always intended for utilization in a business setting and not in a consumer context; therefore, Chapter 11 was not available for an entity whose only asset was a one-family, debtor-occupied residential dwelling. *Id.*

Two courts have not followed *In re Ponn Realty Trust* and have held that a non-business, consumer, wage-earning debtor may file a voluntary petition under Chapter 11 on the day before a scheduled foreclosure sale on the debtor's residence. *In re Warner*, 30 B.R. 528 (Bankr. 9th Cir.1983); *In re Gregory*, 39 B.R. 405 (Bankr.M.D.Tenn.1984). Both courts focused too narrowly on the language of the introductory eligibility provision and did

not consider the indications in the language, the operation, and the legislative history of Chapter 11 to the contrary.

This court follows *In re Ponn Realty* and holds that Chapter 11 is not available to Mrs. Moog, a consumer with no business to be reorganized.

The debtor's attorney has also questioned the authority of the bankruptcy court to dismiss the Chapter 11 petition *sua sponte* and urges this court to adopt the reasoning of a recent decision of the Second Circuit Court of Appeals. *See In re Gusam Restaurant Corp.*, 737 F.2d 274 (2nd Cir.1984). Gusam failed to consummate quickly a sale of its business which had been approved by the bankruptcy court but which was delayed while the purchaser applied for a liquor license. During the delay, Gusam failed to file a reorganization plan. After ordering a hearing on the debtor's failure to fulfill its statutory duty under Chapter 11, the bankruptcy judge *sua sponte* ordered the conversion of Gusam's Chapter 11 petition to a Chapter 7 proceeding and appointed a trustee.

The Second Circuit examined the legislative history of 11 U.S.C. § 1112 and found that a reference to *sua sponte* action was deleted from the Senate's version of that section before its enactment. The court found that Congress intended to restrict *sua sponte* action in order to force bankruptcy judges to concentrate on their judicial function and to extricate themselves from administrative matters. Based on that legislative intent, the court in *Gusam Restaurant Corp.* held that a bankruptcy judge, absent a request by a party in interest, had no power to dismiss a Chapter 11 petition or to convert it to a Chapter 7 case.

■ While a bankruptcy court has no authority to dismiss a petition on its own motion for the administrative reasons listed in section 1112, the court does have power to dismiss a petition for judicial reasons, such as bad faith, frivolity, or lack of jurisdiction. Congress did not intend to paralyze the bankruptcy court. A court which cannot grant relief on a petition should be able to dispose of the matter. This judicial power in bankruptcy judges is analogous to the broad, inherent power of district court judges to dismiss collusive, sham, and frivolous suits, and needs no statutory basis. *See Jefferson Fourteenth Association v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir.1983).

■ This court declines to apply *In re Gusam Restaurant Corp.* to the case *sub judice* and holds that, although 11 U.S.C. § 1112(b) seems to require the "request of a party in interest" to initiate a dismissal proceeding, bankruptcy courts may act *sua sponte* where dismissal is appropriate for judicial rather than administrative reasons. *Furness v. Lilienfield*, 35 B.R. 1006 (D.Md. 1983). *See also In re Stahl, Asano, Shigetomi & Associates*, 7 B.R. 181, 186 (Bankr. D.Hawaii 1980); *In re Century City, Inc.*, 8 B.R. 25, 29 (Bankr.D.N.J.1980). Despite section 1112(b), a bankruptcy court has "inherent power and duty to control its dockets, to preserve its integrity, and to ensure that the legislation administered by the court accomplishes its legislative purpose." *In re Nikron, Inc.*, 27 B.R. 773, 777 (Bankr.E.D.Mich.1983).

In summary, the housewife's filing of a petition for a business reorganization under Chapter 11 was impermissible; the bankruptcy court had inherent power to act *sua sponte* to dismiss such a petition; and the dismissal is, therefore, AFFIRMED.