**In re Kenneth STERN, Debtor.**

**Bankruptcy No. 184–41200–260.**

United States Bankruptcy Court,
E.D. New York.

June 24, 1985.

William S. Kaye, Great Neck, N.Y., for debtor.

Schwartz, Sachs & Kamhi, P.C., Carle Place, N.Y., for Cheryl and Stanford Weiner.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is a motion to dismiss a chapter 11 case. The motion is denied.[1]

### I

### FACTS

On July 26, 1984, Kenneth Stern, (the "debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. He is presently the majority stockholder, sole director and Chief Operating Officer of Stone Supply Co., Inc. ("Stone"). In the petition he states that the filing was precipitated by his financial problems, his personal guarantees of the corporate debt and a law suit against him based upon one of the guarantees.

The petition lists $28,000 in assets. Unsecured claims total $409,312.57 excluding five contingent claims based on guarantees.

Cheryl Weiner, the debtor's sister, and her husband Stanford, (the "creditors") brought the present motion. They claim they are owed approximately $205,000 by the debtor based on a July 21, 1982 buy-out agreement (the "agreement"). The agreement provided that the debtor would pur-chase the creditors' 31% ownership interest in Stone for $300,000 payable in installments. The stock was to be held in escrow by the debtor's attorney until all payments were made. It was to be returned to the creditors if it was established that the debtor defaulted. The creditors claim that the debtor defaulted. Under the terms of the agreement the debtor was granted thirty days to cure the default. Notice of the default was mailed to the debtor and the creditors demanded return of the stock certificates.

As a result of the default, they claim that a prior shareholders' agreement was resurrected reinstating Stanford Weiner as the only other director in addition to the debtor.

The debtor claims there has been no default. He contends that by filing the petition in bankruptcy four days before the thirty day grace period ended, the § 362 automatic stay tolled its expiration. The record indicates that the debtor's attorney voluntarily deposited the stock with the clerk of the court.

The creditors request this court dismiss the case maintaining that the chapter 11 filing is merely a stalling tactic intended to impede return of their stock. They proffer three grounds for dismissal of the case.

First, they contend that the court lacks jurisdiction under chapter 11 since the debtor is not engaged in business.

The creditors next argue that the filing was not in "good faith", because the actual entity in interest is Stone, which was not submitted to this court's jurisdiction.[2]

Finally, the creditors' argue that the case must be dismissed because the debtor will be unable to effectuate a plan of reorganization. They contend that as creditors they are owed $205,000 which they claim is about 52% of all unsecured claims, and therefore the debtor must obtain their ap-

---

1. A similar motion to dismiss this case on the same grounds was made by another creditor, Stanley Dellon. This decision applies to the disposition of that motion as well.

2. At a September 18, 1984 hearing the Weiners consented to a chapter 11 filing by Stone Supply Co., Inc. on the record. A petition for relief was filed the same day by Stone.

proval in order to confirm a plan. They maintain that they will oppose any plan.

The debtor's position is that pursuant to § 109 of the Bankruptcy Code, an individual may file a chapter 11. There is no requirement that the individual be in business. Since the size of his debts preclude filing a chapter 13, and under a chapter 7 liquidation the creditors would receive virtually nothing, the debtor argues that filing a chapter 11 is in the best interest of creditors.

As to the second basis for dismissal, the debtor contends that the debts listed in the petition are his personally and not those of Stone. He asserts that he expects to negotiate an acceptable settlement with his creditors.

The debtor attacks the creditors' last argument by explaining that his unsecured debt is potentially over $1 million dollars resulting from personal guarantees of the Stone obligations. Thus, the creditors here, might constitute far less than 52% of his unsecured debt. The debtor further notes that there are ways to confirm a plan even if there is a recalcitrant major creditor.

Finally, the debtor asserts that since a reorganization plan has not been proffered, it is premature to state with certainty that the creditors will reject what is presented. Therefore, there is no basis to dismiss his petition.

## II

### ISSUE

Are there any grounds within the scope of the Bankruptcy Code on which to dismiss this individual chapter 11 case?

**3.** 11 U.S.C. § 109 provides in pertinent part:
. . . .
(b) A person may be a debtor under chapter 7 of this title only if such person is not—
(1) a railroad;
(2) a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, or credit union; or

## III

### DISCUSSION AND CONCLUSIONS OF LAW

We find no grounds at this time on which to dismiss this case. We, therefore, deny the instant motion.

Section 109 of the Bankruptcy Code permits any individual, corporation or partnership except stockbrokers, railroads, insurance companies and banks to seek relief under chapter 11.[3] The legislative history states: "Chapter 11 Reorganization, is primarily designed for businesses, but permits individuals to use the chapter." H.R. No. 595, 95th Cong., 1st Sess. 6 (1977), *reprinted in* 1978 U.S.Code Cong., & Ad.News 5963, 5968.

This court is mindful of the recent decision *In re Moog*, 46 B.R. 466 (N.D.Ga.1985), in which District Judge Robert L. Vining, Jr. upheld the dismissal of an individual chapter 11. We are not in disagreement with Judge Vining's reasoning. The facts in that case justified dismissal. The debtor was a housewife whose debts totalling $16,-000 were all of a consumer, non-business nature and whose only significant assets were her home and furniture.

The case at bar is clearly distinguishable from *Moog*. The debtor here is a businessman with many business interests. Almost all of his present debts arose in a business context. As the *Moog* court noted, the legislative history of chapter 11 indicates it was "intended for utilization in a business setting and not a consumer context." 46 B.R. at 467. The debtor here falls within the scope of the type of debtor contemplated by Congress in enacting chapter 11.

It is clear from the debtor's schedules that he does not qualify for chapter 13,

(3) a foreign insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, or credit union, engaged in such business in the United States.
. . . .
(d) Only a person that may be a debtor under chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under chapter 11 of this title.

which was expressly designed to afford relief to individuals with consumer type debts. Chapter 13 contains a debt ceiling. Only an individual who owes noncontingent, liquidated unsecured debts of less than $100,000 and noncontingent, liquidated secured debts of less than $350,000 may be a chapter 13 debtor. 11 U.S.C. § 109(e).

In his petition the debtor lists $409,-312.57 in unsecured debt excluding five contingent, obligations based on his personal guarantees of Stone's obligations. Since the amount owed unsecured creditors exceeds the chapter 13 ceiling the debtor may file pursuant to chapter 11.

■ Next, the creditors argue that the debtor's filing was not in good faith because he failed to submit the true entity in interest to this court's jurisdiction. We are not persuaded by this argument and find there was no lack of good faith in this filing.

Section 1112(b) of the Code allows for conversion or dismissal of a chapter 11 case for "cause". That section lists examples of "cause". However, the list is not exhaustive. The court will "consider other factors as they arise, and ... use its equitable powers to reach an appropriate result in individual cases." H.R. No. 595, 95th Cong., 1st Sess. 405 (1977); *reprinted in* 1978 U.S.Code Cong., & Ad.News 5963, 6362.

Lack of "good faith" has been considered "cause" to dismiss a chapter 11. *In re Eden Associates*, 13 B.R. 578, 583 (Bkrtcy. S.D.N.Y.1981). "The facts required to mandate dismissal based upon lack of good faith are as varied as the number of cases." *In re Harvey Probber, Inc.*, 44 B.R. 647 (Bkrtcy.D.Mass.1984). No one factor has emerged as determinative of good faith. However, several basic principles unite the cases.

The debtor must owe legitimate debts to real creditors constituting an unsecured creditor body. *See, e.g., In re Coastal Cable T.V., Inc.* 709 F.2d 762 (1st Cir.1983); *Furness v. Lilienfield*, 35 B.R. 1006 (D.Md.

1983); *In re Alison Corp.*, 9 B.R. 827 (Bkrtcy.S.D.Cal.1981). The debtor here lists eighteen unsecured creditors. Proofs of claim have been filed by thirteen creditors. We find these are "legitimate" debts owed to real creditors who constitute a body of unsecured creditors. While it is true that most of the debts listed emanate from the activities of Stone, they are the debtor's personal obligations by virtue of his guarantees.

■ Dismissal is also called for by the creditors upon the ground that the debtor cannot confirm a plan. "[N]ormally dismissal should not be ordered prior to the proposal of a plan and action upon it by creditors...." *In re Dutch Flat Investment Co.*, 6 B.R. 470, 472 (Bkrtcy.N.D.Cal.1980); *See also Sumida v. Yumen*, 409 F.2d 654 (9th Cir.1969), *cert. denied*, 405 U.S. 1048, 92 S.Ct. 1308, 31 L.Ed.2d 591 (1972). We find that it would be premature to dismiss this case on this ground.

■ Although the issue was not presented to this court, we note the possibility that the debtor's breach of the buy-out agreement may have reinstated Stanford Weiner as a director of Stone. Contrary to the debtor's contention, it is the court's belief that the debtor's filing of a petition in bankruptcy did not toll the grace period contained in the buy-out agreement, and that the debtor's failure to cure the default triggered Weiner's right to be deemed a director of Stone. *In re Player's Pub, Inc.*, 3 Bankr.L.Rep., (CCH) para. 70,200 at 86,321 (Bkrtcy.D.Mass.1985); *In re Physique Forum Gym, Inc.*, 27 B.R. 691 (Bkrtcy.D.Md.1982); *See also Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); *In re G–N Partners*, 48 B.R. 462, 12 B.C.D. 1258 (D.Minn.1985).

However, in light of the factors involving the issues presented to this court by the motion to dismiss, the motion is denied.

SO ORDERED.