**In re Edward L. BURGETT, Sandra S. Burgett, Debtors.**

**Bankruptcy No. 2–88–01339.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Dec. 27, 1988.

James C. Lewis, III, Columbus, Ohio, for Bank One, Columbus, N.A.

Thomas C. Scott, Columbus, Ohio, trustee.

Louis W. Cennamo, Columbus, Ohio, for debtors.

### ORDER DENYING MOTION TO REOPEN CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion of Bank One, Columbus, N.A., seeking to have this Court reopen this case and rescind and reissue the debtors' discharge for the purpose of validating certain reaffirmation agreements.

This Chapter 7 bankruptcy case was filed on March 14, 1988. On April 21, 1988 a no-asset report was filed by the trustee and on July 21, 1988 the debtors received a discharge issued from this Court. Several weeks later on August 11, 1988, three reaffirmation agreements executed by the debtors and Bank One were filed with the Court. On August 16, 1988 the Court approved the trustee in bankruptcy's final report of no assets and closed the case.

Because the reaffirmation agreements between the debtors and Bank One were not filed prior to the issuance of the discharge as required by 11 U.S.C. § 524(c)(1), such reaffirmation agreements may be unenforceable. The debtors and Bank One now seek to correct that error by requesting this Court to rescind the discharge order previously issued and mailed to creditors and to reissue that discharge at a later time.

A notice of the meeting of creditors and order setting specific dates was issued from this Court on March 18, 1988. That notice and order required the debtors to file any reaffirmation agreements by June 20, 1988, or to seek an extension of time from the Court prior to that date for such filings so that the issuance of the discharge

order could be deferred if reaffirmations were in progress, but could not be timely filed. No such motions were filed by these debtors.

The Court finds that 11 U.S.C. § 727(e) provides the exclusive grounds for revocation or recision of a discharge order, absent obvious clerical errors or other errors subject to remedies provided by Federal Rule of Civil Procedure 60. The grounds provided by 11 U.S.C. § 727(e) clearly are for concealment or fraudulent or other inappropriate behavior by a debtor. Although the Court has power to correct clerical errors in the issuance of discharge pursuant to 11 U.S.C. § 105, no remedies other than those available under Federal Rule of Civil Procedure 60 appear to be available to alter the effective date of a discharge already issued or to rescind such discharge.

The Court believes it is important that parties who receive notice of the entry of a discharge order be able to rely upon the date of such issuance as the effective date of commencement of various legal rights and remedies determined by that discharge injunction. It may be prejudicial to parties' rights, as well as confusing, for this Court to rescind a discharge where the debtors and their creditors have failed timely to execute or file reaffirmation agreements. This Court will not routinely or lightly take such action.

Accordingly, the Court denies Bank One's motion to reopen this case. The previous issuance of the discharge remains the effective date for such injunction.

IT IS SO ORDERED.