**In re Gary B. GITLITZ, Debtor.**

**Gary B. GITLITZ, Plaintiff,**

v.

**SOCIETY BANK, fka Franklin Bank, et al., Defendants.**

**Bankruptcy No. 2–85–03520.**
**Adv. No. 2–87–0329.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

May 7, 1991.

David M. Whittaker, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for plaintiff/debtor.

Stephen A. Santangelo, Columbus, Ohio, for Soc. Bank.

Charles A. Koenig, Columbus, Ohio, for Roger S. Talmage, Anthony Del Col and John M. Tarquinio.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. trustee.

## OPINION AND ORDER

R. GUY COLE, Jr., Bankruptcy Judge.

### I.

This matter is before the Court upon a motion, filed by Roger S. Talmage, Anthony Del Col and John M. Tarquinio (collectively referred to as the "Moving Defendants"), to dismiss them as defendants in this adversary proceeding. The motion is opposed by the plaintiff, Gary B. Gitlitz ("Debtor").

On November 23, 1987, the Debtor commenced this adversary proceeding by the filing of a Complaint for Recission [sic] of Reaffirmation Agreement ("Complaint") against Society Bank ("Society"), formerly known as Franklin Bank, and the United States of America, Small Business Administration ("SBA"). The Complaint requested rescission of a reaffirmation agreement entered into with Society, cancellation of a mortgage on real property owned by the Debtor, and money damages in the amount of $5,000. The Complaint alleged, *inter alia*, that Society and SBA induced the Debtor to enter into the reaffirmation agreement (the "Reaffirmation Agreement") by making a series of assurances which subsequently were breached. The Complaint also alleged Society's failure to accept payment on a loan by a third party constituted a breach of the Reaffirmation Agreement, thereby allowing for rescission. Pursuant to its motion, SBA was dismissed as a defendant by order of this Court entered on September 1, 1988.

The Debtor, on October 11, 1989, filed an Amended Complaint naming only Society as a defendant. Thereafter, on February 6, 1991, the Debtor filed his Second Amended Complaint, asserting claims against Society and the Moving Defendants. On February 22, 1991, the Moving Defendants filed the instant motion. They assert that the Second Amended Complaint should be dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7012(b), for failure to set forth a claim upon which relief can be granted by this Court. The Moving Defen-

dants contend that the Debtor may not obtain the relief requested because the Second Amended Complaint is premised largely upon the Moving Defendants' obligations under the Agreement, which was executed between and among the Moving Defendants and Society, but not the Debtor. As the Debtor is merely a third-party beneficiary to the Agreement—not an actual party—it is argued that the Debtor cannot maintain this action against the Moving Defendants.

The Moving Defendants also request dismissal of the Second Amended Complaint pursuant to Rule 12(b)(1) for lack of jurisdiction by this Court. To this end, the Moving Defendants posit that the Debtor has alleged no violation of the bankruptcy laws or rules. Thus, the Moving Defendants assert that this is a matter traditionally within the jurisdictional boundaries of the state courts.

The Debtor contends in his opposing memorandum that the requested relief is appropriate. The Reaffirmation Agreement, argues the Debtor, was executed, in part, in reliance upon the Agreement entered into between and among the Moving Defendants and Society. As such, the Debtor asserts that the Moving Defendants are necessary parties to this proceeding. The Debtor further contends that the Court maintains jurisdiction over this matter pursuant to 28 U.S.C. § 157(a), which authorizes the district court to refer all proceedings arising under, arising in, or related to a bankruptcy case to a bankruptcy judge. The Debtor maintains, thusly, that the complaint falls well within the parameters of § 157(a).

### II.

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). A determination as to the suffi-

ciency of a complaint in the face of a motion to dismiss requires the Court to apply the following principle: "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). *See also McLain v. Real Estate Bd. of New Orleans, Inc.,* 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

A motion to dismiss under Rule 12(b)(6) is directed solely to the complaint itself. *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d at 155. The burden of demonstrating that no claim for relief has been stated is upon the movant. All factual allegations in the complaint are to be presumed as true and all reasonable references are made in favor of the non-moving party. Legal conclusions, deductions or opinions masked as factual allegations, however, are not given a presumption of truthfulness. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); 2A *Moore's Federal Practice,* § 2307 (1990). The Court should grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir.1978).

By an agreement complying with 11 U.S.C. § 524(c), the holder of a claim and the debtor may create an obligation that will survive the debtor's discharge. This type of an agreement—commonly referred to as a "reaffirmation agreement"—is a customary method by which debtors may retain possession of secured property. *In re Pendlebury,* 94 B.R. 120, 121 (Bankr.D. Tenn.1988). Reaffirmation contemplates a voluntary, consensual agreement between the debtor and the creditor. *Schmidt v. American Fletcher Nat'l Bank and Trust Co. (In re Schmidt),* 64 B.R. 226 (Bankr.S. D.Ind.1986). *In re Whatley,* 16 B.R. 394, 397 (Bankr.N.D.Ohio 1982) (Congress has evidenced its intent that reaffirmation be a voluntary, consensual action.) The voluntary nature of the agreement is emphasized by § 524(c)'s escape clause—*i.e.,* the debtor's ability to rescind the agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later.

The reaffirmation process has undergone significant, and often confusing, revision since the Bankruptcy Act of 1898. Under the 1898 Act, a discharge did not extinguish a debt, but simply created an affirmative defense to enforcement of the debt in a state-court proceeding. The Bankruptcy Code, enacted in 1978, made sweeping changes to the bankruptcy laws, and permitted a debt reaffirmation process which was subject to extensive court review. The 1984 amendments to the Code relaxed the process, making such agreements immediately effective upon filing with the bankruptcy court, subject to court approval for agreements made by *pro se* debtors. The new procedure is intended to lower the parties' costs and minimize the burden on the court, while still ensuring that the court will be properly informed of such agreements in the event it chooses to exercise its equitable powers to protect individual debtors from overreaching creditors. It was in the 1984 amendments that the escape clause—the so-called "cooling off" period—was extended from thirty to sixty days. *See* S.Rep. No. 98–65, 98th Cong., 1st Sess. (1983) [referring to a predecessor bill].

The Second Amended Complaint alleges that the Debtor entered into the Reaffirmation Agreement with Society, and agreed therein to allow Society to take a mortgage on residential real property owned by the Debtor's spouse as security for the Debtor's obligation. A purported copy of the Reaffirmation Agreement is attached to the Second Amended Complaint, although it is undated and unsigned by Society or its predecessor, Franklin Bank. The com-

plaint asserts, in Count I, that Society's refusal to accept payments on a certain promissory note upon which the Moving Defendants are obligors constitutes a breach of the Reaffirmation Agreement, and is grounds for rescission of said agreement and cancellation of the mortgage. Count II asserts that the Moving Defendants have failed to make payments to Society under the Agreement. The complaint seeks rescission of the Reaffirmation Agreement, release and cancellation of the mortgage, judgment against Society for money damages totaling $5,000, and judgment in the amount of $55,000 against the Moving Defendants.

■ The gravamen of the Debtor's Second Amended Complaint against Society and the Moving Defendants lies in breach of contract. There are no allegations of fraud concerning the reaffirmation process as provided by § 524(c) of the Bankruptcy Code; to the contrary, the allegations of the complaint focus on the post-reaffirmation conduct of the defendants. These are matters clearly within the province of the state court. *In re Oliver*, 99 B.R. 73, 76 (Bankr.W.D.Okla.1989).

The Court's docket entries reflect that the attorney's declaration which must accompany reaffirmation agreements was filed on or about March 2, 1987. Presumably the Reaffirmation Agreement was filed at that time. (It is difficult to make this determination from the Court's docket, and the file is unavailable as it has been shipped to storage facilities in Chicago, Illinois.) The Debtor was issued a discharge on April 27, 1987. This adversary proceeding was commenced on November 23, 1987. There is no evidence that the Debtor sought rescission of the Reaffirmation Agreement until the filing of the instant complaint, which would place such request well outside the time provided in § 524(c). As the Debtor failed to rescind the Reaffirmation Agreement within the applicable period of time, the agreement is enforceable and this Court is powerless to provide the requested remedy. *See In re Mary Rhone Davis*, 106 B.R. 701 (Bankr.S.D.Ala.1989) (a debtor who failed to provide the creditor with notice of her intent to rescind a reaffirmation agreement within sixty days subsequent to its being filed with the court or prior to the granting of the discharge, could not obtain judicial relief thereafter, irrespective of an undue hardship); *In re Ricky Lynn Jones*, 111 B.R. 674 (D.Tenn. 1990).

The Reaffirmation Agreement, when executed and not rescinded within the time provided, became a new contract between the parties. The parties now are bound by the terms of this new agreement. Any subsequent breach of the Reaffirmation Agreement is governed by relevant state law. The Debtor's relief against the Moving Defendants therefore must proceed in state court. The same would appear to hold true for any claims against Society.

Congress clearly did not contemplate bankruptcy court involvement in reaffirmation agreements beyond the requirements set forth in § 524(c) and (d). It was contemplated that disputes between parties to reaffirmation agreements would take place in non-bankruptcy courts using non-bankruptcy law. *In re Oliver*, 99 B.R. at 76. Such is the case here. Accordingly, the Moving Defendants' motion to dismiss them as defendants to the Second Amended Complaint is GRANTED pursuant to Rule 12(b)(6).

### III.

■ The Moving Defendants also assert that the Second Amended Complaint should be dismissed because it does not contain any jurisdictional plea as to them. The Moving Defendants are correct in their assertion.

Rule 8(a) of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 7008(a), requires that "[a] pleading which sets forth a claim for relief .... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." LBR 5.2(a) of the Local Bankruptcy Rules further requires that a complaint contain a statement indicating whether the proceeding is core or non-core, with a statutory citation of the appropriate

jurisdictional sections. If the assertion is made that the proceeding is non-core, the statement shall indicate whether the pleader consents to the entry of a final order of judgment by this Court. The Second Amended Complaint meets none of these requirements.

The Court views these omissions as more than technical. The Debtor blithely asserts in his opposing memorandum that the Court has jurisdiction over reaffirmation agreements. This is true, at least to the extent provided in § 524(c) and (d). However, it is not accurate to say that Congress intended, or that the law provides, for court involvement beyond that authorized in the statute. Thus, the absence of a jurisdictional plea and an assertion of whether this proceeding is core or non-core justifies dismissal of the complaint.

Based upon the foregoing defects in the Second Amended Complaint, the Moving Defendants' motion to dismiss them as defendants under Rule 12(b)(1) is GRANTED. Likewise, the Court will dismiss the Second Amended Complaint *sua sponte* as to Society in that the same defects exist as to this defendant. 11 U.S.C. § 105(a); *In re Gonic Realty Trust*, 909 F.2d 624, 625 n. 1 (1st Cir.1990). *See Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir.1983); *In re Moog*, 46 B.R. 466, 467 (Bankr.N.D.Ga.1985) (court can dismiss a proceeding *sua sponte* for lack of jurisdiction). Such dismissals are without prejudice to the refiling of the complaint in a proper forum and/or with the required claims for relief.

### IV.

Based upon the foregoing, the motion to dismiss is GRANTED and the complaint hereby is dismissed as to the Moving Defendants with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The complaint also is dismissed without prejudice *sua sponte* pursuant to Rule 12(b)(1) as to Society.

IT IS SO ORDERED.