### In re Pamela L. REED, aka Pamela L. Staugler.

### Bankruptcy No. 94–30407.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Jan. 17, 1995.

only concluded that the receipt holders' liens were not avoidable by the bankruptcy trustee. 946 F.2d at 1414.

James Thomas, Cleveland, OH, for movant.

Janice Quatman, Lima, OH, for debtor.

Bruce French, Lima, OH.

## OPINION AND ORDER DENYING MOTION TO "CORRECT CLERICAL ERROR, OR IN THE ALTERNATIVE, TO REOPEN BANKRUPTCY CASE"

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Ford Consumer Finance Company, Inc.'s ("Lender") "Motion to Correct Clerical Error, or in the Alternative, to Reopen" the bankruptcy case of Pamela L. Reed (the "Debtor"). The Court finds that Lender's motion is not well taken and should be denied.

### FACTS

The Debtor filed a petition under chapter 7 of title 11 on March 1, 1994 (the "Case").

The Debtor scheduled Lender as a secured creditor in the Case. Debtor's prepetition debt to Lender was secured by Debtor's Redman Crest Point Mobile Home.

The trustee in bankruptcy filed a no-asset report in the Case on April 25, 1994.

The Debtor filed a reaffirmation agreement on the Prepetition Debt on May 2, 1994 (the "Reaffirmation") in the amount of $20,581.32 plus interest and arrearages. The Reaffirmation was prepared by counsel for Lender.

The Debtor received a discharge on June 21, 1994. The Case was closed on July 26, 1994.

The Lender filed the instant motion (the "Motion") on October 6, 1994.

In support of the Motion, Lender asserts that "some time in August 1994 [Lender] discovered that due to a clerical error the actual amount reaffirmed was $20,581.32 was incorrect and that the actual amount reaffirmed should have been $27,994.52". *See* Motion, p. 2, para. 8.

According to Lender, "at the time the [Reaffirmation] was entered into by the parties, the intention of the parties was to simply restate the terms of the underlying note, including the amount being reaffirmed, regular monthly payments, interest rate, and the length of contract." *See* Motion, pp. 2–3, para. 9. Lender asserts that the Court should correct this purported "clerical error" to "properly indicate the balance due and owing". *See* Motion, p. 3, para. 10.

Lender also asserts that the Case should be reopened in order to prevent Lender from suffering irreparable harm. *See* Motion, p. 3, para. 11–12.

### *DISCUSSION*
### BURDEN OF PROOF

Lender bears the burden of proof on its Motion by the preponderance of the evidence. *In re Rosinski*, 759 F.2d 539, 542 (6th Cir.1985); *c.f. Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (noting that preponderance standard generally applies in civil actions between private litigants).

### MOTION TO CORRECT CLERICAL ERROR OR TO REOPEN BANKRUPTCY CASE

This Court lacks jurisdiction to "correct" the Reaffirmation. *See Gitlitz v. Society Bank (In re Gitlitz)*, 127 B.R. 397 (Bankr.S.D.Ohio 1991) (finding that debtor's motion to rescind reaffirmation agreement should be dismissed for lack of jurisdiction under Fed.R.Civ.P. 12(b)(6)); *cf. Kokkonen v. Guardian Life Ins. Co. of America*, — U.S. ——, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (finding that federal district court lacked jurisdiction to enforce settlement agreement reached in conjunction with dismissal of district court action under Fed.R.Civ.P. 41(a)(1)(ii) where district court did not reserve jurisdiction to enforce settlement agreement). "Congress clearly did not contemplate bankruptcy court involvement in reaffirmation agreements beyond the requirements set forth in § 524(c) and (d)." *In re Gitlitz*, 127 B.R. at 400.

Moreover, to the extent that the Motion seeks to reopen the Case in order to have the Court approve a new reaffirmation agreement between the parties, the Motion must be denied as "[o]nce the court has entered the order of discharge the § 524(c)(1) deadline for making such an agreement has passed." *In re Gruber,* 22 B.R. 768, 770–71 (Bankr.N.D.Ohio 1982) (citations omitted); *see* 11 U.S.C. § 524(c)(1) (requiring that reaffirmation agreement be "made before the granting of the discharge under section 727"); *In re Whitmer,* 142 B.R. 811, 814 (Bankr.S.D.Ohio 1992) (finding that court lacked jurisdiction to enter order approving post-discharge reaffirmation agreement); *In re Brinkman,* 123 B.R. 611, 612 (Bankr.N.D.Ind.1991) (finding that debtors could not enter into post-discharge reaffirmation agreements); *cf. In re Burgett,* 95 B.R. 524 (Bankr.S.D.Ohio 1988) (denying creditor's motion to reopen case and to rescind and reissue debtor's discharge for purposes of validating reaffirmation agreement).

In light of the foregoing, it is therefore

ORDERED that Lender's "Motion to Correct Clerical Error, or in the Alternative, to Reopen Bankruptcy Case" be, and it hereby is, denied.