**In re Jimmy Clifton MANN, Debtor.**

**Bankruptcy No. 94–26539–K.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

July 3, 1996.

SUA SPONTE ORDER VACATING OR-
DER OF DISCHARGE BECAUSE OF
CLERICAL MISTAKE COMBINED
WITH NOTICE OF THE ENTRY
THEREOF

DAVID S. KENNEDY, Chief Judge.

The ultimate issue for judicial determination here is whether a bankruptcy court may vacate an order of discharge entered in a chapter 7 case because of its own mistake.

It appears to the Court, on its own initiative, that on November 30 and December 22,

1994, among other dates, orders were entered herein pursuant to FED.R.BANKR.P. 4004(b) extending the time for certain parties in interest to file a complaint pursuant to FED.R.BANKR.P. 7001(4) objecting to the debtor's general discharge under 11 U.S.C. § 727(a)(1)—(10). Such time was extended to 60 days after the entry of a final judgment in either of two pending Shelby County, Tennessee Chancery Court lawsuits, being Civil Nos. 104321–3 and 104322–2. On June 24, 1996, the discharge of the above-named debtor was inadvertently granted by the bankruptcy court.

■ A court has the inherent equitable power to correct its own mistakes. See, for example, *In re Cisneros,* 994 F.2d 1462 (9th Cir.1993); 11 U.S.C. § 105(a); FED. R.BANKR.P. 9024. Moreover, the equitable power given to bankruptcy courts by virtue of 11 U.S.C. § 105(a) would be meaningless if courts were unable to correct their own mistakes. *In re Themy,* 6 F.3d 688, 690 (10th Cir.1993) (citing *In re Anwiler,* 958 F.2d 925, 929 (9th Cir.), cert. denied 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992)).

The problem that has arisen in this case is directly attributable to the bankruptcy court. That is, the order of discharge was inadvertently entered by the bankruptcy court due to a clerical mistake. The aforesaid Shelby County, Tennessee Chancery Court lawsuits are not yet final. This is precisely the sort of "mistake" that FED.R.BANKR.P. 9024 and Rule 60(a) FED.R.CIV.P. were intended to reach.[1] Accordingly, the June 24, 1996 "Discharge of Debtor" is hereby vacated. This result also comports with equitable considerations under 11 U.S.C. § 105(a).[2] The court

.apologizes for any inconvenience or the like its mistake may have caused.

Based on the foregoing and consideration of the case record as a whole,

**IT IS ORDERED, SUA SPONTE, AND NOTICE IS HEREBY GIVEN THAT:**

1. The June 24, 1996 "Discharge of Debtor" is hereby vacated.

2. The Bankruptcy Court Clerk shall promptly mail or transmit a copy of this Order and Notice to the above-named debtor, the chapter 7 trustee, the United States trustee for Region 8, all creditors, and other parties in interest.

---

1. With limited exceptions not applicable here, FED.R.BANKR.P. 9024 states that Rule 60 FED.R.CIV P., styled "Relief from Judgment or Order," applies in cases under the Bankruptcy Code. Rule 60(a) is styled "Clerical Mistakes" and provides as follows:

    "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the

appeal is pending may be so corrected with leave of the appellate court."

2. 11 U.S.C. § 105 is styled "Power of Court" and provides as follows:

    "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."