In re Mohammed ALI, Debtor.

In re Nancy PALMISNAO, Debtor.

In re Byung Cheul SOHN and Keun Soon Sohn, Debtors.

In re Esther SHUR, Debtor.

Bankruptcy Nos. 197–10282–352, 197–11947–352, 195–18226–352 and 194–12633–352.

United States Bankruptcy Court, E.D. New York.

March 24, 1998.

## DECISION ON REVOCATION OF DISCHARGE

MARVIN A. HOLLAND, Bankruptcy Judge.

During the year 1997, 24,723 Chapter 7 orders of discharge were issued by this Court's Clerk's Office. For the reasons hereafter set forth, we hold that the strictures of 11 U.S.C. § 727(d) do not restrict our authority to vacate the orders of discharge issued in error in the four following cases:

**Mohammed Ali,** Case No. 197–10282–352: An order discharging the Debtor was entered on December 15, 1997, despite docket entries stating that the Debtor was not to be discharged as a result of the Chapter 7 Trustee's successful 11 U.S.C. § 727 cause of action. ·

**Nancy Palmisnao,** Case No. 197–11947–352: An order discharging the Debtor was mistakenly entered on July 16, 1997, despite the Debtor's failure to appear and submit to the 11 U.S.C. § 341(a) meeting of creditors examination, as required by 11 U.S.C. § 343.

**Byung Cheul Sohn and Keun Soon Sohn,** Case No. 195–18226–352: An order discharging the Debtors was entered on September 5, 1997, despite the required final report and account of the administration of the estate not having been filed by the Chapter 7 Trustee.

**Esther Shur,** Case No. 194–12633–352: An order discharging the Debtor was entered in error on July 27, 1997, while an adversary proceeding consisting of 11 U.S.C. §§ 523 and 727 causes of action was still pending.

## DISCUSSION

Discharges granted as a result of a clerical error unfortunately are not unheard of and are commonly corrected by an order vacating the discharge. "Clerical mistakes in judgment, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative ..." pursuant to Fed.R.Civ.P. 60(a) made applicable in bankruptcy (with minor qualifications) by Fed.R.Bankr.P. 9024.

The problem with vacating a discharge order pursuant to Fed.R.Civ.P. 60(a) is that

judicial or clerical error is not one of the three exclusive grounds for revoking a discharge set forth in 11 U.S.C. § 727(d).[1] "It is a cardinal rule of construction that when a Rule impermissibly restricts, is inconsistent with, or contradicts the provisions of the Bankruptcy Code, the Rule is invalid." *In re Bruzzese,* 214 B.R. 444, 449 (Bankr.E.D.N.Y. 1997), *In re Beaton,* 211 B.R. 755, 763 (Bankr.N.D.Ala.1997) (citing cases) ("there is also general agreement that there is a strong presumption that substantive rights are not abridged or modified by adoption of rules of procedure.").

At least one court has held that a bankruptcy court is limited to the framework set forth in 11 U.S.C. § 727(d). *In re Markovich,* 207 B.R. 909, 913 (9th Cir. BAP 1997). In *Markovich,* the debtor, pursuant to Fed.R.Civ.P. 60(b), sought to revoke the discharge order arguing that the bankruptcy court had the equitable power to do so.[2] *Id.* at 912. Both the bankruptcy court and the Bankruptcy Appellate Panel held that the bankruptcy court was constrained by the plain meaning of the statute and the grounds set forth in 11 U.S.C. § 727(d), since a bankruptcy court's equity powers "cannot be used to override specific statutory provisions in the Code." *Id.* at 913 (citing *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988)).

Contrary to *In re Markovich,* the bankruptcy court in *In re Mann* found 11 U.S.C.

---

1. 11 U.S.C. § 727(d) states:

"On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or
(3) the debtor committed an act specified in subsection (a)(6) of this section."

2. Fed.R.Civ.P. 60(b) states in full:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment."

§ 105(a) to be adequate statutory authority to revoke a discharge pursuant to Fed. R.Bankr.P. 9024 and Fed.R.Civ.P. 60(a).[3] *In re Mann,* 197 B.R. 634, 635 (Bankr. W.D.Tenn.1996), *compare, In re Burgett,* 95 B.R. 524 (Bankr.S.D.Ohio 1988) (while 11 U.S.C. § 727 provides exclusive basis for revoking a discharge. Fed.R.Civ.P. 60, and not 11 U.S.C. § 105, provides remedy for correcting obvious clerical error).[4] The *Mann* Court *sua sponte* vacated a discharge order granted as a result of clerical error based on Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(a), and concluded that the ability to revoke an inadvertent order of discharge "... comports with equitable considerations under 11 U.S.C. § 105(a)." Mann, 197 B.R. at 634.

■ The Second Circuit has held that to allow a potentially undeserving debtor to receive a discharge due to a ministerial or clerical delay, would be an inappropriate result. *In re Emery,* 132 F.3d 892, 895 (2d Cir.1998). The circumstances herein are analogous to *Emery.* To allow the erroneously-issued discharge orders to stand, clearly conflicts with 11 U.S.C. § 727(d)'s basic purpose of insuring that discharges are extended to only deserving individuals.

The judges of this and other courts have authorized the Clerk of the Court to issue Chapter 7 discharges in the name of the judge to whom the case has been assigned as may be appropriate. *See In re Bestway Products, Inc.,* 151 B.R. 530, 535 (Bankr. E.D.Cal.1993) Given the circumstances in which the orders of discharge were issued in the four cases now under consideration, the orders were not authorized. Therefore, the Clerk's order could no more grant a debtor a discharge than could any other paper purporting to be an order which had been signed by some other unauthorized entity. Since these Debtors never received a proper discharge, revoking the unauthorized order does not invoke the stricture of 11 U.S.C. § 727(d), and falls squarely within the provision of Fed.R.Civ.P. 60(a).

■ However, vacating a valid, void, or voidable order of discharge without notice to interested parties, is not something to be done perfunctorily. No notice of our intended action has been given to anyone, and no one has been provided with an opportunity to be heard. Therefore, the orders to be entered in each of these cases will be settled on all parties-in-interest with 20 days' notice. They shall be notified that requests for an opportunity to be heard will be honored by scheduling a hearing which may be attended in person or by the filing of papers. A copy of such notice is attached as an appendix.

### APPENDIX

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

In re Mohammed Ali, Debtor.

In re Nancy Palmisnao, Debtor.

In re Byung Cheul Sohn and Keun Soon Sohn, Debtors.

In re Esther Shur, Debtor.

Chapter 7

Case Nos. 197–10282–352, 197–11947–352, 195–18226–352 and 194–12633–352.

NOTICE OF PRESENTMENT OF ORDER REVOKING DISCHARGE

MARVIN A. HOLLAND, Bankruptcy Judge.

PLEASE TAKE NOTICE that an order vacating your discharge in bankruptcy, a

---

**3.** 11 U.S.C. § 105(a) states:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

**4.** Not all Clerk's Office mistakes justify a court exercising its equitable power. *See In re Isaacman,* 149 B.R. 502, 507 (Bankr.W.D.Tenn.1993) (nondischargeability complaint found to be untimely even though it had been filed within the erroneous time contained in the Clerk's Office notice).

copy of which is attached hereto, will be presented to The Honorable Marvin A. Holland at the United States Bankruptcy Court for the Eastern District of New York, 75 Clinton Street, Brooklyn, New York on April 10, 1998, pursuant to his decision herein dated March 24, 1998, a copy of which is annexed hereto.

If you have good reason to object to the granting of the proposed order, you must do so by filing your written objections with the Clerk of the Court at 75 Clinton Street, Brooklyn, New York, 11201 least three business days before the proposed order is to be signed. If you desire oral argument, your objections should so state. If no proper objections are timely filed, the proposed order may be signed without a hearing. If proper objections are timely filed and served, you will be notified of the time, date, and place of a hearing to be held to consider your objections.

Dated: Brooklyn, New York.

March 30, 1998.

TO:

HANNA & VLAHAKIS
7504 Fifth Avenue
Brooklyn, NY 11209-3302
(Attorneys for Mohammed Ali)

MR. MOHAMMED ALI
43-31 45th Street
Apartment 1A
Sunnyside, NY 11104
(Debtor)

DAVID J. DOYAGA, ESQ.
16 Court Street
Suite 2300
Brooklyn, NY 11241
(Chapter 7 Trustee)

TIMOTHY I. CUMMINGS, ESQ.
9412 Fourth Avenue
Brooklyn, NY 11209
(Attorney for Nancy Palmisnao)

MS. NANCY PALMISNAO
509 Wilson Avenue
Staten Island, NY 10312
(Debtor)

RICHARD J. MCCORD, ESQ.
90 Merrick Avenue

East Meadow, NY 11554
(Chapter 7 Trustee)

DANIEL R. MILLER, ESQ.
2075 86th Street
Brooklyn, NY 11214
(Attorney for Byung Cheul Sohn
and Keun Soon Sohn)

MR. AND MRS. SOHN
147-11 32nd Avenue
Second Floor
Flushing, NY 11354
(Debtors)

MARTIN P. OCHS, ESQ.
Ochs & Goldberg, LLP
60 East 42 Street
Suite 1545
New York, NY 10165
(Chapter 7 Trustee)

GERON & CORSANO
317 Madison Avenue
Suite 1421
New York, NY 10017-5201
(Former Attorneys for Esther Shur)

REISMAN PEIREZ REISMAN &
CALICA, LLP
1305 Franklin Avenue
Garden City, NY 11530-1611
(Attorneys for Esther Shur)

MS. ESTHER SHUR
993 East 19 Street
Brooklyn, NY 11230
(Debtor)

IAN J. GAZES, ESQ.
1675 Broadway
26th Floor
New York, NY 10019
(Chapter 7 Trustee)

All creditors of each of the debtors.

## ORDER REVOKING DISCHARGES

On the decision of Marvin A. Holland, United States Bankruptcy Judge dated March 24, 1998, the orders granting discharges of indebtedness in each of the above entitled cases is hereby **VACATED**.

Dated: Brooklyn, New York.

April , 1998.